UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON MICHAEL GIBSON, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:20-CV-117-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Jason Michael Gibson, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Miami Correctional Facility (MCF 19-04-0001) in which he was found guilty of possessing a cellular device in violation of Indiana Department of Correction ("IDOC") disciplinary offense A-121. (ECF 1.) Among other sanctions, he lost 180 days of earned-timed credits and received a credit-class demotion. (ECF 10-12.)

The charge was initiated on April 1, 2019, when Sergeant B. Johnson wrote a conduct report stating as follows:

> On April 1, 2019 at approximately 12:28 AM I, Sergeant B. Johnson, was conducting a targeted cell search for DII. While searching the bedding area of Offender Gibson, Jason 201380 N-304 (B/M) I located a green sock hat that contained an Alcatel touchscreen phone inside. I took possession of the cell phone and secured it in my pocket and continued on with the search. I located under the bunks on the floor an Alcatel phone charger. I completed the cell search at that time and went to question Offender Gibson about the cell phone and charger that was found in his room. Offender Gibson stated he knew nothing about a cell phone that was found on his bunk. He refused to sign the confiscation form and was sent back to his cell.

(ECF 10-1). An evidence record form was completed and a photo taken of the phone. (ECF 10-2; ECF 10-4.)

On April 5, 2019, Mr. Gibson was formally notified of the charge. (ECF 10-5.) He pled not guilty and requested a lay advocate, and one was appointed for him. (*Id.*; ECF 10-6.) He requested a witness statement from inmate Otis Carr and did not request any physical evidence. (ECF 10-5.) A statement was obtained from inmate Carr, who stated as follows:

> I have never seen Jason with no phone. He has not had any issues since I have been his bunky. The officer never asked us me or Jason anything who the phone was or not. Jason is not guilty.

(ECF 10-7) (errors in original).

After three postponements, a hearing was held on May 4, 2019. (ECF 10-9; ECF 10-10; ECF 10-11; ECF 10-12.) The hearing report reflects that Mr. Gibson asked for a continuance, but the hearing officer denied this request because he "had ample time to provide witness [sic] or get statements."[1] (ECF 10-12.) Mr. Gibson stated as follows in his defense: "How am I the only one wrote up if it is a common area." (*Id.*) Based on the evidence, the hearing officer found Mr. Gibson guilty. (*Id.*) He lost 180 days of earned-time credits and received a credit-class demotion. (*Id.*) His administrative appeals were denied. (ECF 10-13; ECF 10-14; ECF 10-15.) He then filed the present petition.

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural

---

[1] The hearing report does not detail why he wanted a continuance or what additional evidence and witnesses he wanted, nor does Mr. Gibson mention this issue in his petition. (ECF 10-12; ECF 1.)

2

protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the decisionmaker of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Gibson raises three claims in his petition: (1) he was not the intended target of the search; (2) the cell phone belonged to inmate Carr; and (3) "nobody rec[eived] [the phone] in evidence."[2] (ECF 1 at 2-3.)

The court understands his first two claims to be challenging the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

---

[2] Mr. Gibson was granted until August 24, 2020, to file a traverse in support of his petition. (ECF 11.) The deadline has passed and no traverse has been filed.

3

Mr. Gibson was found guilty of violating A-121, which prohibits possession of a cellular device. The IDOC Disciplinary Code for Adult Offenders ("Disciplinary Code") defines "possession" as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control." (ECF 10-17 at 5.) The Disciplinary Code further provides:

> [O]ffenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to . . . shelving, storage area, bed and bedding materials in his/her housing assignment[.]

(*Id.*) The conduct report provides sufficient evidence that the cell phone was found in Mr. Gibson's bedding area and was thus in his possession for purposes of the Disciplinary Code. Although Mr. Gibson protests that the phone is not his, it is not the province of this court to reweigh the evidence to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. He has not established a due process violation.

Mr. Gibson's remaining claim is that the conduct report "failed to show who rec[eived] the phone in evidence." (ECF 1 at 3.) Although unclear, he appears to be arguing that the procedures in the Disciplinary Code pertaining to confiscated property were not followed. Even if he is correct in his argument, a violation of internal prison policy or other state law does not present a cognizable basis on which to grant him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that hearing officer failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due

4

process"). He has not established a federal due process violation in connection with this claim.

For these reasons, the court DENIES the habeas corpus petition (ECF 1), and DIRECTS the clerk to enter judgment in this case.

SO ORDERED on October 22, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT